[No. 11161.   Department One. — January 21, 1886.]

JOHN GLENN, TRUSTEE OF THE NATIONAL EXPRESS
AND TRANSPORTATION COMPANY, APPELLANT, *v.* E. A.
SAXTON, RESPONDENT.

68   353
99   17
68   353
127   83
68   353
e145  706

CORPORATION — SUBSCRIPTION TO CAPITAL STOCK — LIABILITY OF SUBSCRIBER
FOR CALLS — STATUTE OF LIMITATIONS — LAWS OF VIRGINIA. — The
National Express and Transportation Company is a corporation organized
under the laws of Virginia.   On the 1st of November, 1865, the defend-
ant subscribed for fifty shares of its capital stock, and promised to pay
to the corporation therefor the sum of one hundred dollars per share in
such installments and at such times as he might be called upon to pay
according to the law under which the corporation was organized.   The
laws of Virginia provided that upon every subscription for shares in any
joint-stock corporation, there should be paid two dollars at the time of
subscribing, and the residue as required by the president and directors
of the corporation.   On the 14th of December, 1880, in a suit in equity
brought in the Chancery Court of Richmond, Virginia, it was decreed
that thirty per cent of the par value of each share of the stock of the
corporation should be called for and paid by the subscribers.   The action
was brought to recover the amount of the assessment so levied upon the
stock of the defendant.   *Held,* that the call made by the Chancery Court
was the same in effect as if it had been made by the president and direc-
tors of the corporation, that the statute of limitations commenced to run
in favor of the defendant from the time of the call and assessment, and
that his liability thereon was barred in two years.

APPEAL from a judgment of the Superior Court of Los
Angeles County.

The facts are stated in the head-note and opinion.

*Glassell, Smith, & Patton,* for Appellant.

The action is upon a judgment within the meaning of
section 336 of the Code of Civil Procedure, and is not
barred by the statute of limitations.   (Thompson's Lia-
bility of Stockholders, secs. 16, 313, 326, 328, 329; *Sanger
v. Upton,* 91 U. S. 56; *Salmon* v. *Hamborough Co.,* L. R. 1
Ch. Cas. 204.)

*Graves & Chapman,* for Respondent.

The statute of limitations commenced to run from the
time of the call by the court, and was barred in two

years. (*Scovill* v. *Thayer*, 105 U. S. 155; *Curry* v. *Woodward*, 53 Ala. 371; Code Civ. Proc., sec. 339, subd. 1.)

Ross, J.— *Glenn, Trustee,* v. *Williams*, 60 Md. 93, was an action similar to the present one, and it is insisted by the appellant's counsel that every point involved on this appeal was decided in appellant's favor by the Court of Appeals of Maryland in the case there. If the fact were true, it would deservedly have great weight with us. But in respect to the statute of limitations, the two cases differ materially. The decree of the Chancery Court of Richmond, Virginia; by virtue of which the plaintiff in both actions proceeded, was given on the 14th of December, 1880. The Maryland suit was commenced April 9, 1881. The action here was commenced August 12, 1884. In Maryland, the statute of limitations provides that "all actions of account, actions of *assumpsit* or on the case, actions of debt on simple contract or for rent in arrear, detinue and replevin, all actions for trespass for injuries to real or personal property, shall be commenced or sued within three years from the time the cause of action accrues" (Maryland Code, sec. 1, art. 57); and that three years' statute was pleaded in bar of the action there. Here, the provisions of the code prescribing the periods for the commencement of actions other than for the recovery of real property are, among others, as follows:—

"Within five years,—

"1. An action upon a judgment or decree of any court of the United States, or of any state within the United States."

"Within three years,—

"1. An action upon a liability created by statute other than a penalty or forfeiture."

"Within two years,—

"1. An action upon a contract, obligation, or liability, not founded upon an instrument of writing, or founded

upon an instrument of writing executed out of the state."
(Code Civ. Proc., secs. 335, 336, 338, 339.)

By section 343 of the same code, it is further provided:
"An action for relief not hereinbefore provided for
must be commenced within four years after the cause of
action shall have accrued."

If the cause of action in the Maryland case did not
accrue until the passing of the decree of the Chancery
Court of Richmond, as was held, and we think correctly
held, by the Court of Appeals of Maryland, of course the
action there could not be barred by the three years'
statute of limitation; for the suit was commenced within
a few months after the making of the decree. Here,
however, the action was not commenced until more than
three but less than four years after the making of the
Richmond decree; and the question is, whether it is
barred by the provisions of the statute of this state,
which are pleaded by the defendant in bar thereof. A
statement of the case, therefore, becomes necessary. The
action is to recover from defendant, who held certain
stock of the National Express and Transportation Com-
pany, a corporation organized under the laws of the state
of Virginia in the year 1865, an assessment levied upon
his stock by a judgment of the Chancery Court of the
city of Richmond. The complaint contains two counts,
—both identical in their allegations; except by the one
plaintiff seeks to recover the assessment on fifty shares
of stock originally subscribed by defendant, and by the
other to recover the assessment on fifty shares of which
he became the owner by assignment. The National
Express and Transportation Company, according to the
averments of the complaint, was a body corporate, duly
incorporated under the laws of the state of Virginia, for
fifty shares of the capital stock of which the defendant,
on the first day of November, 1865, in the state of New
York, subscribed, and thereby undertook and promised
to pay to the corporation for each and every share so

subscribed the sum of one hundred dollars, in such installments and at such times as he might be lawfully called upon to pay, according to the legal tenor and effect of the law under which the corporation was organized.

In September, 1866, the corporation executed a deed of assignment of all of its property and effects to certain trustees for the benefit of its creditors. Subsequently, a suit was instituted in the Chancery Court of the city of Richmond, Virginia, by one Wright and other persons, claiming to be creditors of the corporation, against the corporation, its officers and the trustees, in which cause a judgment was made and entered on the fourteenth day of December, 1880, whereby the plaintiff in the present action was appointed and constituted trustee in the place and stead of the trustees to whom the assignment was made by the corporation, and whereby it was further adjudged and decreed that a large amount of debts secured by the trust deed remained unpaid and entitled to be paid out of the property conveyed by the deed, and that of the sum of one hundred dollars for each and every share of the stock of the corporation undertaken and promised to be paid by the subscribers thereof in such installments, and at such times as such subscribers and their assigns might be lawfully required to pay the same, according to the legal tenor and effect of the law under which the corporation was organized and the stock subscribed for, the sum of eighty dollars per share had never theretofore been called for or required to be paid by the president and directors of the corporation, and that said sum of eighty dollars per share for each and every share of the stock subscribed for still remained liable to be called for and required to be paid by the subscribers and their assigns, and whereby it was further adjudged and decreed that it was necessary and proper that thirty per cent of the par value of each share of said stock should be called for and required to be paid by the subscribers and their assigns, for the purpose of paying the debts of the corporation under the provisions of the trust deed;

and it was accordingly further adjudged and decreed that a call and assessment be and the same thereby was made upon the stock and stockholders of the said corporation and their assigns, of thirty per centum of the par value of said stock, being thirty dollars on each and every share thereof, and that the stockholders of the corporation and each and every of them, and their legal representatives and assigns, be and they thereby were severally required to pay the several amounts by the decree called for and assessed to the plaintiff as trustee.   It is also averred in the complaint herein that the plaintiff accepted the trust and duly qualified as trustee, and that the defendant has failed and refused to·pay, etc.   Appropriate allegations are also made as to the jurisdiction of the Chancery Court of Richmond, and as to the laws of the state of Virginia.   Among the provisions of those laws, there is one which declares that upon every subscription for shares in any joint-stock company there shall be paid upon each share two dollars at the time of subscribing, and the residue thereof as required by the president and directors; and if any money which any stockholder has to pay upon his shares be not paid as required by the president and directors, the same, with interest thereon, may be recovered by warrant or action, according to amount, etc.   "All subscriptions to the stock of this corporation," said the Court of Appeals of Maryland in the case already cited, "had reference to that provision of the statute, and the conditions or requirements there prescribed formed terms in the contract of subscription. After the payment of the two dollars per share, there was nothing due from·the subscriber to stock until an authorized call was made for the residue.   The contract contemplated the exercise of judgment and discretion on the part of the president and directors as to the times and amounts of future payments on the stock, and there was nothing due from the stockholder until such amounts were determined on, and regularly called for.   Until a regular call made, there was no unconditional liability

on the part of the stockholder to pay. Until then he could not know when to pay, or how much he would be required to pay. The subscription, therefore, was conditional, as to the times and amounts of payment; and consequently, there was no fixed obligation of the stockholder to pay, and no right of action against him, until an assessment and call made, either by the president and directors, or by the order of a court of competent jurisdiction. It is for the amount of the assessment made that the right of action accrues, and not for the whole balance of the unpaid subscription, unless the whole amount be called for; and it is only from the time of the assessment and call made that the statute [of limitations] runs in favor of the defendant." In this we entirely agree. The terms of the statute became a part of the contract of subscription. The subscriber undertook to pay two dollars per share at the time of subscribing, and the residue of the subscription price as required by the president and directors. The call made by the Chancery Court was the same in effect as if it had been made by the president and directors of the corporation, and when made, the contract of the defendant to pay became absolute, and a cause of action against him for the amount of his assessment accrued in favor of the trustee appointed by the court. The foundation of this cause of action was the defendant's contract to pay the residue of his subscription as required, and having been made without this state, the action should have been brought within two years after the right of action accrued. (Code Civ. Proc., sec. 339, *supra*.) If correct in this view, and we have no doubt of its correctness, it is quite clear that the case in hand is not founded on a judgment or decree within the meaning of section 336 of the Code of Civil Procedure.

Judgment affirmed.

McKinstry, J., and McKee, J., concurred.

Hearing in Bank denied.