[L. A. No. 2582. Department Two.—June 3, 1911.]

## ALFRED L. MILLER et al., Appellants, v. EZRA F. LANE, Respondent.

STATUTE OF LIMITATIONS HOW PLEADED.—A plea of the statute of limitations, alleged in the form prescribed by section 458 of the Code of Civil Procedure, is sufficient for all purposes.

ID.—STOCKHOLDER'S LIABILITY—COLORADO CORPORATION—ACTION IN THIS STATE TO ENFORCE.—An action in this state, to enforce the statutory liability imposed by the laws of the state of Colorado upon the stockholders in a banking corporation, for its corporate debts (Laws of Colo. 1885, p. 264, par. 1), must be considered as one brought to enforce an original liability, against which the statute of limitations commenced to run at least as soon as the date of the commencement of the suit, in the appropriate Colorado court, by the creditors of the corporation to establish the personal liability of each stockholder. Such liability is barred upon the expiration of three years, under section 338 of subdivision 1, and section 359 of the Code of Civil Procedure.

ID.—DEFENDANT SUED IN THIS STATE—LEX FORI.—A defendant sued in this state, who is and for upwards of ten years has been a resident of California, cannot be subjected to any special law or judicial ruling of the state of Colorado, prescribing the forms of action upon his statutory liability for the debts of the corporation of which he was a stockholder. In such an action the *lex fori* must prevail.

ID.—CREDITOR'S SUIT IN COLORADO—JURISDICTION OF COLORADO COURTS—JUDGMENT NOT BINDING ON NON-RESIDENT.—A resident of this state, who had never been brought within the jurisdiction of the courts of Colorado, in the suit there brought to establish the personal liability of the stockholders, is not bound by the judgment in that suit.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

E. S. Janes, G. L. Whitham, and Tolles & Cobbey, (Denver, Colo.), for Appellants.

Louis Luckel, for Respondent.

MELVIN, J.—Plaintiffs appeal from a judgment in favor of defendant, Ezra F. Lane, who was sued upon an alleged stockholder's liability arising from his ownership of certain stock of a bank formerly doing business in the state of Colorado. The bank of which Lane was a stockholder had been found to be insolvent in 1899 and its property had passed into the hands of an assignee, who settled certain preferred claims and paid the depositors a percentage of the amounts due them. By an action commenced June 9, 1905, certain creditors of the bank proceeded in a court of competent jurisdiction in the state of Colorado, under the appropriate statute of that state, and on May 28, 1907, a decree was made and entered by which the amount of personal liability of each stockholder was declared, Lane's obligation being found to be $5,353. (*Kipp* v. *Miller,* 47 Colo. 598, [135 Am. St. Rep. 236, 108 Pac. 164].) By the same decree and in accordance with statutory authority, the Colorado court appointed the plaintiffs herein to represent and to sue for the benefit of all creditors, and under this power they brought this action on October 21, 1908.

In his answer the defendant alleged that for more than ten years immediately theretofore he had resided continuously in

the state of California; that the alleged cause of action arose upon subscription to the capital stock of the state bank of Monte Vista, Colorado; that the shares of stock were issued to him on or about June 15, 1900; that he never resided within the state of Colorado; was never served with process within that state; and that no judgment was ever obtained against him upon any liability by reason of said subscription to said capital stock. He pleaded the bar of the statute of limitations, specifying sections 338, 339, 341 and 359, of the Code of Civil Procedure.

The court found in accordance with practically all of the allegations in the complaint and in substantially the language of the answer, including the bar of the statute of limitations.

Appellants contend that the plea of the statute of limitations in the answer and the court's finding upon that subject goes only to the "subscription to the capital stock," and not to the cause of action set up in the complaint. But we are unable to accept this view, as the allegation of the bar of the statute is in substantially the form prescribed by section 458 of the Code of Civil Procedure. This is sufficient for all purposes. (*Nicholson* v. *Tarpey,* 124 Cal. 449, [57 Pac. 457].)

The question, then, and the only important one, is this: When did the statute of limitations begin to run in favor of defendant? At the trial the plaintiffs introduced in evidence a certified copy of the statute of Colorado, which provides that,

"Shareholders in banks, savings banks, trust, deposit, and security associations, shall be held individually responsible for debts, contracts and engagements of said associations, in double the amount of the par value of stock owned by them respectively." (Laws 1885, p. 264, par. 1.)

The statutory law of Colorado, as interpreted by the supreme court of that state, makes the liability of a stockholder for a corporation's debts a secondary obligation, to be enforced by suit in equity. (*Zang* v. *Wyant,* 25 Colo. 551, [71 Am. St. Rep. 145, 56 Pac. 565]; *Kipp* v. *Miller,* 47 Colo. 598, [135 Am. St. Rep. 236, 108 Pac. 164].) Therefore appellants insist that they have a right to sue under the law of a sister state as interpreted by the supreme court of that state, and that their citation of authorities with regard to secondary obligations are in point. All of the Californian cases cited in this behalf were actions involving recovery from stock-

holders on unpaid subscriptions. (*Turner* v. *Fidelity Loan Concern*, 2 Cal. App. 122, [83 Pac. 62, 70]; *Union Savings Bank* v. *Leiter*, 145 Cal. 696, [79 Pac. 441]; *Glenn* v. *Saxton*, 68 Cal. 353, [9 Pac. 420]; *Harmon* v. *Page*, 62 Cal. 448; *Baines* v. *Babcock*, 95 Cal. 581, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776].) We cannot agree with this interpretation of the law. Even if the liability of a stockholder under the statute of Colorado is secondary, it is nevertheless a statutory obligation which cannot be postponed, even by the corporation itself, against the will of the stockholder. All of the Californian cases sustaining judgments of foreign tribunals fixing a stockholder's indebtedness for unpaid subscriptions go upon the principle that such subscriptions are part of the assets of the corporation and that therefore the stockholders are bound to pay only when a proper call has been made for the amounts promised by their subscriptions, such call setting the statute of limitations in motion. While the supreme court of Colorado, in the cases cited above, determines that the liability of the stockholders under the statute is a secondary obligation enforceable in equity, it recognizes that the fund created by the indebtedness of stockholders under the provision of the code of Colorado is not entirely analogous with that existing in the case of an unpaid subscription for stock, because the court holds that the assignee or receiver of an insolvent corporation has no right of action to enforce the liability arising under the statute. As was said in *In re People's Live Stock Ins. Co.*, 56 Minn. 185, [57 N. W. 468]; "The statutory liability is not to be regarded, like that of stock subscription, as corporate assets, with regard to which the corporation represents the stockholders. The two liabilities rest upon an entirely different footing." (See, also, Morse on Banks and Banking, sec. 696; Thompson on Liability of Stockholders, sec. 342; Cook on Corporations, sec. 216; Morawetz on Private Corporations, sec. 869.) The right of action against the stockholder on account of his individual liability for debts of the company accrues at the same time as against the corporation. (*O'Neil* v. *Quarnstrom*, 6 Cal. App. 472, [92 Pac. 391]; *Davidson* v. *Rankin*, 34 Cal. 503; *Mitchell* v. *Beckman*, 64 Cal. 117, [28 Pac. 110]; *Hyman* v. *Coleman*, 82 Cal. 653, [16 Am. St. Rep. 178, 23 Pac. 62].) The statute of limitations of the state

where the suit is brought must govern. (*Platt* v. *Wilmot*, 193 U. S. 602, [24 Sup. Ct. 542, 48 L. Ed. 809]; *Great Western Telegraph Co.* v. *Purdy*, 162 U. S. 329, [16 Sup. Ct. 810, 40 L. Ed. 986].) It is clear that we must consider the case at bar as one brought to enforce an original statutory liability and it is equally clear that the cause of action against the defendant arose at least as far back as June 9, 1905, when suit was brought by the creditors against the corporation. We cannot subject the defendant, who is and for ten years has been a resident of California, to any special law or judicial ruling of the state of Colorado, prescribing the form of action upon his statutory liability for the debts of the corporation of which he was a stockholder. In such an action as this the *lex fori* must prevail. Mr. Justice Temple, delivering the opinion of the court in *Russell* v. *Pacific Railway Co.*, 113 Cal. 261, [34 L. R. A. 747, 45 Pac. 324], said: "The general rule upon this subject is very well established. Where a statute creates a right and prescribes a remedy for its enforcement, that remedy is exclusive. Where a liability is created which is not penal, and no remedy is prescribed, the liability may be enforced wherever the person is found. The procedure will, however, be entirely governed by the law of the forum. If the law creating the liability provides for the particular mode for enforcing it, the mode limits the liability."

The defendant Lane never having been brought within the jurisdiction of the courts of Colorado, the judgment pleaded against him was not binding. (*Godfrey* v. *Terry*, 97 U. S. 171, [24 L. Ed. 944].) Regarded as a liability created by statute the cause of action was barred by subdivision 1 of section 338 of the Code of Civil Procedure, and section 359 of the same code.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.