GEORGE C. VAN TUYL, JR., as Superintendent of Banks of the State of New York, Appellant, *v.* CHARLES M. SCHWAB and Others, Defendants, Impleaded with CHARLES ARTHUR MOORE, JR., Respondent.

First Department, November 3, 1916.

Banks and banking — nature of liability of stockholder under Banking Law, section 196 — when liability accrues — bankruptcy — discharge of stockholder of banking corporation from statutory liability.

The liability of a stockholder in a banking corporation, under section 196 of the Banking Law, is contractual in its nature. There is an implied contract on his part, entered into when he acquires his stock, that he will be liable in the manner and to the extent prescribed by the statute, and said liability accrues, not when the company or bank is ascertained to be insolvent, but when it incurs the indebtedness for which the statute renders the stockholder liable.

The discharge in bankruptcy of a stockholder of a banking corporation upon a petition filed, and an adjudication made after said corporation had become insolvent, relieves said stockholder of his obligations and liability as such for the debts of the corporation, because his liability on the date of the filing of the petition in bankruptcy was provable as a debt against his estate.

APPEAL by the plaintiff, George C. Van Tuyl, Jr., as Superintendent of Banks, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, granting respondent's motion for judgment on the pleadings.

*Wilbert Ward,* for the appellant.

*Emery H. Sykes,* for the respondent.

SCOTT, J.:

This action is an omnibus one brought by the Superintendent of Banks of the State of New York against the stockholders of the insolvent Carnegie Trust Company to enforce their liability under section 196 of the Banking Law as it stood on January 7, 1911. (See Consol. Laws, chap. 2 [Laws of 1909, chap. 10], § 196.) The question involved arises under a supplemental answer of the defendant, respondent, Charles Arthur Moore, Jr., to which the plaintiff has served a reply which contains no effective denial of any material fact alleged in the supplemental answer.

The facts thus pleaded and not effectually denied are that on April 12, 1911, a petition in bankruptcy was filed against respondent, and that such proceedings were had thereupon that said defendant was, on November 18, 1912, duly adjudicated a bankrupt; that said respondent duly filed schedules in bankruptcy wherein both the Carnegie Trust Company and the Superintendent of Banks were listed as creditors; that said trust company and said Superintendent had due notice of said proceeding in bankruptcy and of said adjudication, and that thereafter and on November 3, 1913, upon notice to said trust company and said Superintendent of Banks the respondent was discharged in bankruptcy. The complaint alleged that the Carnegie Trust Company was insolvent on January 7,

1911, on which day the plaintiff, under the authority of the Banking Law, took possession of its property and business. (See Consol. Laws, chap. 2 [Laws of 1909, chap. 10], § 19, as amd. by Laws of 1910, chap. 452.) .

The question thus presented is whether or not the respondent's discharge in bankruptcy upon a petition filed and an adjudication made after the trust company had become insolvent served to relieve him of his obligations and liability as a stockholder for the debts of the trust company. In other words, was his obligation and liability on April 12, 1911, a provable debt under the Federal Bankruptcy Act.

Provable debts are defined by section 63 of the Bankruptcy Act as follows: "Debts which may be proved.—*a* Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt; (4) founded upon an open account, *or upon a contract express or implied;* and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interests accrued after the filing of the petition and up to the time of the entry of such judgments.

"*b* Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate." (30 U. S. Stat. at Large, 562, 563, § 63.)

It is of course well established that a debt, in order that it may be discharged in bankruptcy must not only answer the above description, but must also be provable at the date on

which the petition in bankruptcy is filed. (Collier Bankruptcy [10th ed.], 850, 854, and cases cited.)

The contention of the plaintiff is, as we understand it, that the liability of a stockholder does not rest upon contract, but upon a statute, and that it does not arise until the insolvency of the bank or trust company has been ascertained, and an assessment has been levied upon the stockholders. That contention is based upon some of the language to be found in the opinion in *Marshall* v. *Sherman* (148 N. Y. 9). That case, however, was quite unlike the present, being an action by an individual creditor of a Kansas corporation to enforce the personal liability of a stockholder of the corporation under a statute of the State of Kansas. No question as to the liability of a stockholder under any statute of this State was involved.

The liability of the defendants in this action is predicated upon section 196 of the Banking Law (*supra*), which reads as follows:

"§ 196. Liability of stockholders and directors. If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation, but no stockholder shall be liable for the debts of the corporation to an amount exceeding the par value of the respective shares of stock by him held in such corporation at the time of such default.    *    *    *."

We think that there can be no doubt that the liability of a stockholder in a trust company under the above quoted statute is contractual in its nature. There is an implied contract on his part, entered into when he acquires his stock, that he will be liable in the manner and to the extent prescribed by the statute (*Cochran* v. *Wiechers*, 119 N. Y. 402; *Platt* v. *Wilmot*, 193 U. S. 613), and that liability accrues, not when the company or bank is ascertained to be insolvent, but when it incurs the indebtedness for which the statute renders the stockholder liable. This was the construction given by the Court of Appeals to a statute which provided that stockholders of a corporation should be jointly and severally personally liable for the payment of all debts and demands contracted by the

corporation, although resort to this liability was postponed until after judgment should have been obtained and an execution returned unsatisfied against the corporation, or it should have been dissolved. (*Corning* v. *McCullough*, 1 N. Y. 55.) The words affixing liability to the stockholders under that case are precisely equivalent to the words used in the Banking Law above quoted. The liability is made absolute. The enforcement of it only is postponed. *Corning* v. *McCullough* has been referred to and apparently approved by the Court of Appeals in *Wheeler* v. *Millar* (90 N. Y. 353, 363) and *Matter of Jones* (172 id. 575). It has never been overruled.

Strangely enough there seems to be a notable dearth of authority upon the precise question as to whether such an obligation as defendant assumed as a stockholder of the trust company is a debt provable in bankruptcy. It was, however, directly passed upon by Harold Remington, Esq., the well-known writer upon the Bankruptcy Act, when sitting as a referee in bankruptcy. In a careful, and well-reasoned opinion, too long to be quoted here, he held distinctly that such an obligation as attached to defendant as a stockholder of the trust company at the date on which the petition in bankruptcy was filed, was provable as a debt against his estate. (*Matter of Rouse*, 1 Am. Bank. Rep. 393.) With his reasoning and conclusion we fully concur. If provable it was discharged by the discharge in bankruptcy.

It follows that the order appealed from is right and must be affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.