CAREY ET AL. V. STATE EX REL. DEPARTMENT OF FINANCIAL INSTITUTIONS.

[No. 26,961. Filed January 11, 1938.]

*Christian Waltz, Noel C. Neal, Ernest E. Cloe, O. R. Mann,* and *C. Warren Day,* for appellants.

*George W. Osborn,* for appellee.

FANSLER, J.—Separate actions were brought by the appellee against each of the appellants to recover from them the amount of their liability as shareholders in the insolvent Citizens State Bank of Carmel. The actions were consolidated, there was a trial, and judgment against appellant Kellam for $400 on his 4 shares of stock, and against each of the other appellants for $100 upon their one share of stock each.

Error is assigned upon the overruling of a demurrer to the complaint, the sustaining of a demuurrer to certain paragraphs of answer setting up fraud as a defense, and the overruling of motions for a new trial.

It is contended, upon authority of *Gaiser* v. *Buck* (1931), 203 Ind. 9, 174 N. E. 83, 179 N. E. 1, 82

A. L. R. 1348, that only a creditor of the bank can maintain an action to collect the stockholders' liability. But that case has no application, since the enactment of chapter 40 of the Acts of 1933 (Acts 1933, p. 176), which provides for the liquidation of insolvent banks by the Department of Financial Institutions.

It is also contended that the Constitution of Indiana does not authorize the creation of the Department of Financial Institutions; that, under the Constitution, powers such as are lodged in the Department of Financial Institutions can only be delegated to officers elected by the people. This contention is based upon certain dictum in *State ex rel. Collett* v. *Gorby* (1890), 122 Ind. 17, 25, 23 N. E. 678, 681, and cases there referred to. But the writer of that opinion said: "The General Assembly has created the office of mine inspector, oil inspector, trustees of the new benevolent institutions, state prisons, reformatory institutions, state board of health, state board of charities, and many other offices, and has made the incumbents of such offices appointive, as it had the undoubted power to do." That the Legislature may establish agencies to supervise activities that affect the public welfare has been recognized from the beginning, even in the cases upon which appellants rely, and can hardly be seriously questioned. It is contended that the functions of the Department of Financial Institutions fall necessarily within the powers and functions of the Auditor of State, a constitutional officer, and that the Legislature may not delegate such functions to any other officer. The act confers authority upon the Department of Financial Institutions to inspect, supervise, and liquidate financial institutions. There is nothing in the Constitution to indicate that such were considered functions of the Auditor of State, and, while it is true that at one time super-

vision of banks was under the direction of the Auditor of State, the Legislature has chosen to place it elsewhere. It has not been demonstrated that the Constitution forbids, and therefore the courts may not interfere with, the legislative discretion. It is reasonable to assume that the drafters of the Constitution visualized the auditor's duties as confined to the auditing of the accounts of the state. The Department of Financial Institutions is concerned only with the examination of nonpolitical institutions.

It is contended that the title, "An Act concerning financial institutions," is too narrow, and that the act embraces two subjects, to wit: "The rules and regulations concerning financial institutions," and "Creates a commission and department for the control of them." There is no merit in this contention. The title is broad enough to cover all matters connected with financial institutions and their regulation and control. *Board of Com'rs, etc.* v. *Scanlan* (1912), 178 Ind. 142, 98 N. E. 801; *State ex rel. Test* v. *Steinwedel et al.* (1932), 203 Ind. 457, 180 N. E. 865.

It is contended that the act in question is a local or special law in that it does not apply to all corporations alike. But the Constitution itself makes a special provision concerning the stockholders of banks, as distinguished from stockholders of other corporations, in the provision which makes them individually responsible, in an amount equal to their shares of stock, for all debts and liabilities of the bank. The Legislature may classify corporations or individuals for the purpose of legislation, where the basis for the classification relates to the subject-matter, and those within the group affected are in some material respect different from those without the group. Where such legislation affects all alike, under like conditions, in all parts of the state, it is general. That the public interest justifies

a separate method of supervision and liquidation for financial institutions seems clear without elaborating upon their functions.

Section 63 of the Act (Acts 1933, *supra,* p. 209, §18-323 Burns' Ann. St. 1933; §7785 Baldwin's 1934) authorizes the bringing of the action in the name of the State on the relation of the Department of Financial Institutions.

By certain answers, appellants alleged that the plaintiff, that is to say, the State of Indiana, through its officers, the representatives of the Department of Financial Institutions, represented to appellants at the time they bought their stock that the bank was solvent and safe, and that appellants relied upon those representations, and were deceived; that the bank was in fact insolvent, and that appellants did not discover the fraud until the bank was finally closed. In other paragraphs of answer, it is alleged that the bank became insolvent before appellants bought their stock, and that it was closed by the state; that the stockholders, who were liable at the time of closing, were permitted to escape without any liability; that there was a reorganization under which appellants bought stock, and that the bank was reopened, but was in fact insolvent; that the reorganized bank in fact became an assignee of the insolvent bank.

It is argued that officers of the state, when they act within the scope of their authority, bind the state; that the representations of the representatives of the Department of Financial Institutions were false and fraudulent; that fraud vitiates every transaction into which it enters; that the Department of Financial Institutions stands in the shoes of the bank; and that it cannot enforce the alleged liability because of the fraud. The constitutional provision for double liability is for the benefit of creditors. When one becomes a stock-

holder in a bank, the law imposes upon him an obligation, in the nature of a contract of suretyship, in favor of creditors of the bank, in an amount equal to the face value of his stock. It is well settled that, where one becomes a surety, he cannot escape liability to the obligee because of fraud upon the part of the principal obligor in inducing him to become surety unless the obligee had knowledge of the fraud. It is not alleged in the answers that the creditors were parties to the fraud upon appellants, or that they had knowledge of it. Appellants permitted certificates of stock to be issued to them, and held them for many months. Depositors and other creditors of the bank had the right to rely upon the responsibility of appellants as guarantors to the extent of their stock holdings.

In *Rowley* v. *Pogue* (1931), 203 Ind. 655, 668, 181 N. E. 589, 591, it appeared that stock had been assigned and delivered to the appellant, but not transferred upon the books of the bank, but he had acted as president and director. It is said in the opinion that: "The creditors of the company had the right to assume that he was a stockholder, and as to them he is estopped, upon the insolvency of the company, to deny the double liability of a stockholder on the ground that fraud was practiced upon him in the sale of the stock." Here the stock was issued and stood in the name of appellants, which furnished a stronger basis for the assumption that they were stockholders, and liable. It may be noted further that it is not within the statutory power or authority of the Department of Financial Institutions, or any of is officers or employees, to sell stock, or to make representations, or furnish inducements for its sale.

Judgment affirmed.