[Civ. No. 13156.   Second Dist., Div. Three.   Aug. 6, 1942.]

STATE OF INDIANA, *ex rel.* THE DEPARTMENT OF FINANCIAL INSTITUTIONS, etc., Respondent, v. FRED HOFFMAN, Appellant.

Denio, Hart, Taubman & Simpson for Appellant.

Arthur Metzler, Swaffield & Swaffield and Joseph E. Madden for Respondent.

SHAW, J. pro tem.—Defendant appeals from a judgment rendered against him after a trial upon the merits. This action is brought by plaintiff to enforce the liability imposed by the Constitution and laws of Indiana on defendant as a stockholder of a bank organized under the laws of that state and doing business there which has become insolvent. The deposits to payment of which any sum recovered from defendant will be applied were made before February 24, 1933, and more than three years before this action was brought, the complaint having been filed on October 28, 1936. The defense principally insisted on, both here and in the trial court, is that plaintiff's action is barred by section 359 of the Code of Civil Procedure, which requires an action "to enforce liability created by law" to be brought "within three years after . . . the liability was created."

It is well settled, and the parties here agree, that section 359, *supra*, is the statute of limitations applicable to such a case as this. (*Richardson* v. *Craig*, (1938) 11 Cal. (2d) 131, 134 [77 P. (2d) 1077]; *Royal Trust Co.* v. *MacBean*, (1914) 168 Cal. 642, 646 [144 Pac. 139]; *Miller* v. *Lane*, (1911) 160 Cal. 90 [116 Pac. 58].) As noted in *Royal Trust Co.* v. *MacBean, supra,* at page 648, the language of section 359 is pecu-

liar, and under it an action is barred at the expiration of three years from the time when the liability was created, even though no cause of action has accrued on such liability within that time. To the same effect, see *Richardson* v. *Craig, supra,* at page 135; *Gardiner* v. *Royer,* (1914) 167 Cal. 238 [139 Pac. 75], and cases therein cited.

To determine when the liability in this case was created we must look to the law of Indiana. The Indiana Constitution of 1851 contained a provision which has remained in force ever since its adoption and reads as follows: "The stockholders in every bank or banking company shall be individually responsible, to an amount, over and above their stock, equal to their respective shares of stock, for all debts or liabilities of said bank or banking company." (Art. 11, § 6.) Construing this provision the Indiana courts have held that it is self-executing, and that an action to enforce the liability therein declared may be brought by one creditor in behalf of himself and all other creditors. (*State ex rel. Dept. of Fin. Inst.* v. *Sonntag,* (1935) 101 Ind. App. 557, 565 [195 N. E. 601, 605]; *Gaiser* v. *Buck,* (1931) 203 Ind. 9, 13, 14 [179 N. E. 1, 3, 82 A. L. R. 1348]; *Rowley* v. *Pogue,* (1932) 203 Ind. 655, 659, 663 [178 N. E. 449, 450, 181 N. E. 589, 590, 185 N. E. 273].) In *Gaiser* v. *Buck, supra,* the court said: "This section of the Constitution creates a definitely limited liability on the part of the appellee [bank stockholder] for the benefit of the appellant [creditor] and it is self-executing, there being a manifest intention that it should go into immediate effect and no ancillary legislation being necessary to the enjoyment of the right given or the enforcement of the duty imposed. . . . It is uniformly held that a constitutional provision imposing double liability on bank stockholders is self-executing." In support of the last quoted proposition the court cited several cases, including *Western Pac. Ry. Co.* v. *Godfrey,* (1913) 166 Cal. 346 [136 Pac. 284, Ann. Cas. 1915B, 825], where it was held that the California constitutional provision then in force regarding liability of stockholders was self-executing and made every stockholder liable for his proportion of all debts of the corporation incurred while he was a stockholder—in that case, for deposits in a banking corporation. The last sentence just quoted from *Gaiser* v. *Buck, supra,* was also quoted therefrom in *Rowley* v. *Pogue, supra,* (opinion denying rehearing, 203 Ind. 663 [181 N. E. 590]) and the court in *Rowley* v. *Pogue* added,

"To this last proposition we cited a number of cases from Arizona, California . . . in each of which a constitutional provision quite similar to section 6, article 11 of our constitution was involved." The California constitutional provision thus referred to imposed on stockholders a liability which accrued as soon as the debt of the corporation was incurred. This appeared from the California case which the Indiana court cited, and yet that court regarded the two constitutional provisions as "quite similar." Their language indicates that they are, indeed, similar in this respect. The California provision was that "Each stockholder of a corporation . . . shall be individually and personally liable for such proportion of all its debts and liabilities, contracted or incurred, during the time he was a stockholder. . . ." (Art. XII, § 3, repealed in 1930.) The Indiana provision is, "The stockholders in every . . . banking company shall be individually responsible, to an amount, . . . for all debts and liabilities of said . . . banking company." The Indiana provision, like ours and some others presently to be mentioned, purports to impose liability absolutely, without any terms or conditions to its devolution. It does not, like the Canadian statute considered in *Royal Trust Co.* v. *MacBean, supra,* (1914) 168 Cal. 642, 649, condition the liability upon insolvency, and hence we do not regard the case last cited as authority for respondent's contention here that no liability of defendant was created when the bank became indebted.

In some of the cases cited in *Gaiser* v. *Buck, supra,* (1931) 203 Ind. 9, 15 [179 N. E. 1, 3], similar constitutional provisions in other states were construed to impose a liability on stockholders concurrently with the incurring of a debt by the corporation. In *Smith* v. *Olson,* (1926) 50 S. D. 81, 89 [208 N. W. 585], so cited, the court was considering a constitutional provision that "The shareholders . . . of any banking corporation shall be held individually responsible and liable for all contracts, debts and engagements of such corporation . . .", and said, "by this provision the freedom from individual liability for the debts of a business as such which is normally conferred by conducting such business by means of a corporation rather than by means of a copartnership, is removed *pro tanto,* . . ." In *Golden* v. *Cervenka,* (1917) 278 Ill. 409, 419 [116 N. E. 273, 278], the contitutional provision was that "every stockholder in a banking corporation . . . shall be individually responsible and liable to its

creditors . . . to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder.'' The court said: ''By whatever transaction a bank becomes liable for the payment of money, whether at a fixed time or on demand, a liability has accrued. Whether a cause of action has accrued depends upon whether the creditor could then maintain a suit. Whether a liability has accrued depends upon whether an obligation to pay has arisen. The meaning of the constitutional provision was that the persons who were stockholders of the bank at the time credit was extended to it or a liability was incurred by it should be individually and personally liable, as partners, to the creditor to an amount equal to their stock.'' This case was approved in *American Nat. Bank* v. *Holsen*, (1928) 331 Ill. 622, 627 [163 N. E. 448, 450], which was cited by the Indiana court in *Gaiser* v. *Buck, supra.*

In a New York case, not cited by the Indiana court, under a New York statute providing that bank stockholders ''shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein'' it was held that ''the liability accrues, not when the company or bank is ascertained to be insolvent, but when it incurs the indebtedness for which the statute renders the stockholder liable. . . . The liability is made absolute. The enforcement of it only is postponed.'' (*Van Tuyl* v. *Schwab*, (1916) 174 App. Div. 665 [161 N. Y. Supp. 323], affirmed without opinion, (1917) 220 N. Y. 661 [116 N. E. 1081].) See also *Hyatt* v. *Anderson's Trustee*, (1903) 74 S. W. 1094, 25 Ky. Law Rep. 132, where a like holding was made on a statute substantially the same as that of New York. In *Miller* v. *Lane*, (1911) 160 Cal. 90, 93 [116 Pac. 58], the court had before it an action against a stockholder in a Colorado bank under a statute declaring that such stockholders ''shall be held individually responsible for the debts, contracts and engagements of such associations, in double the amount of the par value of stock owned,'' and said: ''The right of action against the stockholder on account of his individual liability for debts of the company accrues at the same time as against the corporation.''

We conclude that under the Indiana constitutional provision a liability of the stockholders of a banking company is created as soon as the debt of the bank is incurred.

In opposition to this conclusion respondent calls our

attention to *Carey* v. *State*, (1938) 213 Ind. 181 [12 N. E. (2d) 131, 134], where the court said: "When one becomes a stockholder in a bank, the law imposes upon him an obligation in the nature of a contract of suretyship, in favor of creditors of the bank, in an amount equal to the face value of the stock." Upon this statement respondent contends that the liability of a surety is secondary and not primary and that section 359, Code of Civil Procedure, applies only to a primary liability. No authority is cited supporting this construction of section 359, and it seems inconsistent with the statement in *Hunt* v. *Ward*, (1893) 99 Cal. 612, 615 [34 Pac. 335, 37 Am. St. Rep. 87], made in discussing that section, that "A liability may be absolute or contingent; it may be unconditional or limited; it may be presently enforceable by action or there may be time given for its performance; but, whatever its character, it is created by the consummation of the contract, act, or omission by which the liability is incurred." Compare, also, this statement in *Miller* v. *Lane, supra,* (1911) 160 Cal. 90, 93, regarding a Colorado statute imposing a liability on bank stockholders in terms much like those of the Indiana Constitution: "Even if the liability of a stockholder under the statute of Colorado is secondary, it is nevertheless a statutory obligation which cannot be postponed, even by the corporation itself, against the will of the stockholder."

But we do not accept the statement of the Indiana court in *Carey* v. *State, supra,* as establishing the proposition that for all purposes a stockholder of an Indiana banking corporation is to be regarded as a surety of the corporation. The language quoted above and relied on by plaintiff is only an instance of argument by analogy and such an argument does not necessarily lead to the conclusion that the two things compared are alike in all respects. The court used the analogy there only for the purpose of reaching the conclusion that a bank stockholder could not evade his liability in favor of its creditors on the ground that he was induced by fraud to become a stockholder unless the creditors were parties to the fraud. It does not follow that the court would have held that there was no liability of the stockholder to creditors until the bank became insolvent or failed to pay its debts. The Indiana cases previously cited, as well as the wording of the Indiana Constitution, indicate a liability accruing earlier and no Indiana case is cited holding otherwise.

After the making of the above cited Indiana decisions holding that creditors could bring suit directly against bank stockholders upon the constitutional liability of the latter, the Legislature of Indiana in 1933 passed a statute, effective June 10, 1933, known as ''The Indiana Financial Institutions Act'' (Burns Ind. Stats. Annotated, 1933, Title 18) which set up a different scheme for enforcing the liability of stockholders of banks. This act created a Department of Financial Institutions, and gave it general power to supervise banks and other such institutions, to examine into their business and affairs and to take charge of and liquidate them when they should become insolvent or in a variety of other circumstances indicating danger to their creditors if they should continue to operate. (Burns, *supra,* §§ 18-301.) Section 63 of this act provided that ''If at any time after the department has taken possession of the business and property of any financial institution, pursuant to the provisions of this act, it shall appear to the department that such financial institution is insolvent or that the cash value of its assets is not sufficient to pay its creditors in full, the department may enforce the individual liability imposed by law upon the shareholders of such financial institution, . . .'' (Burns, *supra,* §§ 18-323.) This section further provided for a written demand for payment to be made by the department on each shareholder, setting forth the total amount required from each shareholder and his proportionate part thereof. If any shareholder does not pay as demanded, the department, it is further provided in this section, may sue him in any court of competent jurisdiction in Indiana or any other state, and in such suit the department's written statement of its determination to enforce the liability of shareholders, of the value of the bank's assets and of its liabilities is made conclusive evidence of the facts therein stated.

This statute has been held by the Indiana courts to confer on the Department of Financial Institutions an exclusive power to enforce the liability of bank stockholders, an action by an individual creditor for that purpose not being maintainable after the statute took effect. (*Hiatt* v. *Howard,* (1937) 104 Ind. App. 167 [8 N. E. (2d) 136, 138].) The court in this case further held that the statute affected the remedy only and for that reason could be and was retroactive, so as to cut off the right to maintain an action against stockholders filed by a creditor prior to its passage. In this

connection the court said: "The 'right' of a creditor to maintain such an action, . . . was not a substantive right, but merely a right in adjective law. Appellant's substantive rights were not and will not be impaired by the application of said act, or the denial, as to him, of the right to maintain such action. The relief afforded under said act was substantially similar to the relief which was available prior to its enactment. The act, in effect, merely modified the procedure by which appellant could prosecute his substantive rights against the stockholders of the bank." This decision was approved and followed by the Indiana Supreme Court, without further discussion, in *Siegel* v. *Archer,* (1937) 212 Ind. 599 [10 N. E. (2d) 626, 629]. The statute in question was also held valid, against attacks on several grounds, in *Carey* v. *State, supra,* (1938) 213 Ind. 181 [12 N. E. (2d) 131].

Plaintiff argues that this statute is like the federal statute imposing a liability on stockholders of national banks, as to which it has been held that the statute of limitations, under section 359 of our Code of Civil Procedure, begins to run "at least as early as the order of the comptroller fixing the amount payable by the stockholders." (*Johnson* v. *Greene,* (C. C. A. 9, 1937) 88 F. (2d) 683.) But under the federal statute it is held that the comptroller's order, usually called an assessment, is necessary to fix the liability of stockholders. (9 C. J. S. 1140.) And the case last cited does not hold that the liability was not created before the assessment. It was unnecessary for the court to go into that question, for the action there was barred if the liability arose, as the court said, "at least as early as" the assessment.

We have also considered the decision in *Richardson* v. *Craig, supra,* (1938) 11 Cal. (2d) 131, where it was held that under the California Bank Stockholders Liability Act (Stats. 1931, p. 338, Deering's Gen. Laws, 1931, act 652a), passed after the repeal of the California constitutional provision above referred to, the period of limitation prescribed by section 359, Code of Civil Procedure, does not begin to run until an assessment is levied, and we find it distinguishable from the present case. There, the liability was imposed by the same act which provided for the assessment. The provision for liability in that act is that the stockholders "shall be held individually liable." This differs from our former constitutional provision and from that of Indiana that stockholders "shall be" liable. The provision that they "shall be

*held*" liable manifestly contemplates some further proceeding to hold them before the liability is complete. Later provisions of the present California statute are that the Superintendent of Banks may, "if necessary to pay the debts of such corporation" enforce this stockholder's liability, and for that purpose may levy an assessment on the stockholders, on which he may sue them if they do not pay. No right of action is given to the creditors. Under this scheme the court held, in *Richardson* v. *Craig, supra,* that no liability of the stockholders was created until the Superintendent of Banks levied an assessment, saying: "The liability of the stockholder is not for the corporation debt, but for the assessment; and it is not to the creditor, but to the bank superintendent, a state administrative officer. This liability is not 'created' when the corporation incurs the debt, nor even when the corporation becomes insolvent; it does not exist at all prior to the making of the assessment." (11 Cal. (2d) 137.) In the case at bar we have the liability imposed by a constitutional provision which is self-executing and hints at no conditions to be fulfilled before liability arises. The Indiana statute which forbids the creditors to sue and requires the Department of Financial Institutions to do so does not provide for an assessment or anything of like nature. It merely requires a demand on the shareholder, and makes the department's written statement of certain important facts conclusive evidence of those facts. As far as we are advised, no decision has yet been made on the question whether this part of the statute is valid. The decisions upholding the statute in its shift of parties plaintiff do not intimate any change in the nature of the liability; in fact, those decisions are based on the proposition that the "substantive rights" of the creditors were not impaired by the change. Hence if there was under the Constitution a liability of shareholders to creditors arising and existing when the debts of the corporation were incurred, the statute did not purport to remove or alter such liability; it merely placed its enforcement in other hands than those previously controlling it.

Indiana adheres to the general rule that a deposit in a bank creates the relation of debtor and creditor between the bank and the depositor. (*Peoples State Bank* v. *Caterpillar Tractor Co.,* (1938) 213 Ind. 235 [12 N. E. (2d) 123, 126].) In this case, therefore, the liability of defendant as a stockholder of the bank in question was created when deposits in

the bank were made. Under the rule above stated, our statute of limitations (§ 359, Code Civ. Proc.) began to run against this liability as soon as those deposits were made, even though no action could possibly be brought at that time to enforce the liability. See cases already cited to this point. The fact that the deposits out of which defendant's liability in this case arose were made more than three years before this action was brought is not disputed. The action is therefore barred.

The judgment is reversed.

Schauer, P. J., and Wood (Parker), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 1, 1942. Traynor, J., voted for a hearing.