[S. F. No. 5366.  In Bank.—August 24, 1911.]

## FRANK H. GARDINER, Appellant, v. BANK OF NAPA (a Corporation), Respondent.

CORPORATION — STOCKHOLDER'S LIABILITY FOR CORPORATE DEBTS — EXTENT OF LIABILITY TO SINGLE CREDITOR—CONSTITUTIONAL LAW.— Section 322 of the Civil Code, providing the manner of enforcing the rights of a creditor of a corporation as against a stockholder, does not conflict with the provision of section 3 of article XII of the constitution of 1879, that "each stockholder . . . shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation." Under such provisions, a single stockholder is liable to a single creditor for his proportion only of that creditor's debt, and the creditor has no right to collect upon his individual claim a sum equal, if necessary to the satisfaction of his claim, to the stockholder's entire liability upon the debts of the corporation.

CLX Cal.—37.

APPEAL from a judgment of the Superior Court of Napa County.  Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Walter K. Tuller, Frohman & Jacobs, and Titus & Creed, for Appellant.

Percy S. King, Frank & Mansfield, and Milton Newmark, for Respondent.

MELVIN, J.—Judgment was entered in favor of appellant in the superior court, but being dissatisfied with the court's computation of respondent's liability, and consequently with the amount awarded, he has taken this appeal.  The action was one by a creditor of a corporation against a stockholder thereof.  The court held that plaintiff could recover such proportion of his total claim against the corporation as the amount of stock owned by defendant at the time the debt was contracted bears to the whole subscribed capital stock.  Plaintiff contends that he is entitled to recover a sum equal to such proportion of the total corporate indebtedness contracted while defendant was a stockholder as defendant's stock bears to the total subscribed stock.  In other words he seeks to establish the right of a creditor to collect upon his individual claim a sum equal, if necessary to the satisfaction of the creditor's claim, to the stockholder's entire liability upon the debts of the corporation.

The individual liability of a stockholder for the debts of the corporation is, in California, a matter of constitutional creation.  Section 3 of article XII of the constitution provides that:—

"Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association.  The directors or trustees of corporations and joint-stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappropriated by

the officers of such corporation or joint-stock association, during the term of office of such director or trustee."

In addition to the constitutional provision we have section 322 of the Civil Code, the applicable portion of that section being as follows:

"Each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation. Any creditor of the corporation may institute joint or several actions against any of its stockholders, for the proportion of his claim payable by each, and in such action the court must ascertain the proportion of the claim or debt for which each defendant is liable, and a several judgment must be rendered against each, in conformity therewith. If any stockholder pays his proportion of any debt due from the corporation, incurred while he was such stockholder, he is relieved from any further personal liability for such debt, and if an action has been brought against him upon such debt, it must be dismissed, as to him, upon his paying the costs, or such proportion thereof as may be properly chargeable against him."

This section of the Civil Code would seem to be conclusive of the proposition that a single stockholder is liable to a single creditor for his proportion only of that creditor's debt. While conceding that section 322 of the Civil Code is probably not in accord with his contention, appellant insists that the measure of relief fixed by the constitution is curtailed by that section, and that, to that extent, the section is unconstitutional.

Appellant's counsel lay great stress upon the use of the word "all" in the constitution. In adopting the constitution, they say, the people had the alternative of making a stockholder's personal liability a certain proportion of *each* debt of the corporation or of *all* debts incurred during the time he held the stock, and that by choosing the latter course they took away from the legislature the power of providing a different rule by section 322 of the Civil Code. But the code section does not change the rule. On the contrary, the first sentence of the code section is practically identical with the first sen-

tence of section 3 of article XII of the constitution. The constitutional provision fixes the liability, while the legislative enactment prescribes the manner of enforcing the rights of a creditor of the corporation as against a stockholder. We see no conflict between the constitution and the code. The constitution, while fixing the measure of liability of a stockholder, does not provide any machinery for the enforcement of the creditor's rights. Under it, the legislature might provide that any creditor should bring a joint or several action to enforce his claim (as it has done), or the law might require (as it does in some states), that all of the creditors be joined in an equitable action. Either method would leave the stockholder's liability the same. Even if it be conceded that without legislation the creditor could enforce his claim, such concession would not support appellant's theory that any single creditor may satisfy his whole claim out of the sum for which a stockholder is made liable under the constitution. We apprehend that without a prescribed form of action, the recourse of a creditor, if any, would be an action in equity, whereby all creditors would be brought in as parties, so that each might receive his distributive share of the fund created for the benefit of all. Indeed, that has been declared to be the rule with reference to directors who are made jointly and severally liable under this very section 3, of the twelfth article of the constitution, for moneys embezzled or misappropriated. (*Winchester* v. *Mabury,* 122 Cal. 523, [55 Pac. 393]; *Winchester* v. *Howard,* 136 Cal. 439, [89 Am. St. Rep. 153, 64 Pac. 692, 69 Pac. 77].) The liability of a stockholder is not joint and several, but as was said in *Brown* v. *Merrill,* 107 Cal. 447, [48 Am. St. Rep. 145, 40 Pac. 558]:

"Each stockholder has a several liability and that liability is proportionate to the amount of his stock; and, when he has paid his portion of any debt, or of all the debts of the corporation, he is freed from all liability and has no cause of action against any stockholder for money so paid."

The legislature has seen fit to provide a method for enforcing the first portion of section 3 of article XII of the constitution, by the adoption of the section of the Civil Code quoted above. We think that the method of establishing the claims of a creditor provided by that section must be upheld if not in conflict with the constitution. The United States circuit

court of the northern district of California had occasion to discuss this matter in the case of *Borland* v. *Haven,* 37 Fed. Rep. 404, and it was there held that section 322 of the Civil Code was continued in force upon the adoption of the new constitution.

Appellant relies upon the case of *Larrabee.* v. *Baldwin,* 35 Cal. 155, as conclusive in favor of his contention. In that case, tried during the existence of section 36 of article IV of the former constitution, very similar to the one now in force (the only difference being that the present constitution prescribes the method of computing a stockholder's liability, while the former one did not furnish any definite rule), the court held that in view of the facts before it and the statute applicable to them, the creditor could collect his whole claim from a single stockholder, provided it did not exceed in amount the said stockholder's proportion of the corporation's entire indebtedness. When, more than a decade later, the people adopted a new constitutional provision practically identical with the old one, they read into it, according to appellant's theory, the interpretation given by *Larrabee* v. *Baldwin,* 35 Cal. 155. There would be great force in this argument, were it not for the fact that in *Larrabee* v. *Baldwin,* the court was construing, not alone that part of the constitution fixing he stockholder's liability, but also the legislative enactment prescribing the creditor's remedy. There were two laws in existence at that time, with reference to the subject of the collection from a stockholder of his proportion of the corporation's indebtedness. Mr. Chief Justice Sawyer, who wrote the prevailing opinion, reached the conclusion that the litigation was governed not by section 32 of the general act concerning corporations, but by section 16 of "An act to provide for the formation of corporations for certain purposes." The chief justice quoted the latter section and commented upon it as follows:—

"Each stockholder shall be individually and personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder, for the recovery of which, joint and several actions may be instituted and prosecuted. In any such action, whether joint or several, it shall be competent for the defendant or defendants, or any or either of them, on the trial of

the same, to offer evidence of the payment by him, or them, or any or either of them, of any debts or liabilities of such corporations, and upon proof of such payment, the same shall be taken into account and credited to the party or parties making such payment, and judgment shall not be rendered against the party or parties defendant proving such payment for a sum exceeding the amount of his or their proportion of the debts and liabilities of such incorporations, after deducting therefrom the sums proven to have been paid by him, them, or any or either of them, on account thereof.   (Laws 1863, p. 736.)

"It would be no strained construction to so hold upon the first clause of the section down to the first period, if there had been nothing more.  But, in that case the construction might be open to some doubt, whether it was contemplated that each creditor should be compelled to pursue each stockholder for his individual share of his debt, or whether he might make his money out of the first one he could find, whose liability is sufficient to cover the indebtedness, and where he could make it easiest. . . . That the legislature did not contemplate that each stockholder should be the debtor of each creditor for a share of his whole liability, corresponding to the creditor's share of the whole debts of the corporation and no more, or that one creditor, by his diligence, should get no advantage over another, in case of the insolvency of the corporation and a portion of the stockholders, seems plain to our minds from the remainder of the section.  It provides, that 'in such action, whether joint or several,' against a stockholder or stockholders to enforce the personal liability, 'it shall be competent to show on the trial payment by him, or them, or any or either of them of any debts or liabilities of such corporation, and upon proof of such payment the same shall be taken into account and credited to the party or parties making such payment, and judgment shall not be rendered against the party or parties defendant proving such payment for a sum exceeding the amount of his or their proportion of the debts and liabilities of such incorporations, after deducting therefrom the sums proved to have been paid by him or them, or any or either of them on account thereof.'  This shows no intention to protect one creditor against the superior diligence of another, or to divide up the liability of the stockholder, giving a part to

each creditor, but indicates a contrary purpose. It authorizes the payment of the whole liability to the first who comes with a demand sufficient to absorb it, and, by implication at least, authorizes the creditor to make his money out of any party liable to pay the amount."

After indicating that section 32 of the General Corporation Act had no application to the stockholders of the kind of corporation then before the court, the learned chief justice proceeded as follows:—

"Section sixteen of the act of 1853, and section thirty-two of the act of 1850, were both amended by two several acts, passed on the same day, April 27th, 1863, but neither amendment was made applicable to any class of corporations, except those provided for in the particular act to which it was an amendment. Section sixteen of the act of 1853 has already been given. Section thirty-two of the act of 1850, as amended on that day, reads as follows:—

"'Each stockholder of any corporation shall be severally, individually and personally liable for such proportion of all its debts and liabilities as the amount of stock owned by him in such corporation bears to the whole of the capital stock of the corporation, for the recovery of which joint and several actions may be instituted and prosecuted; and in any such action against any of the stockholders of a corporation, the court shall ascertain and determine the proportion of the debt which is the subject of the suit for which each of the stockholders who are defendants in the action are severally liable, and judgment shall be given severally in conformity therewith. If any stockholder in a corporation shall pay his proportion of any debt due by such corporation he shall be released and discharged from any further individual or personal liability for such debt.'

"It will be seen by comparison that those two sections are wholly different; that they could not be made to apply to the same subject-matter, and could not possibly be intended to accomplish the same object. Both provide for prosecuting joint or several suits to enforce the liability, but section thirty-two provides that in any such action against any of the stockholders 'the court shall ascertain and determine the proportion of the debt which is the subject of the suit for which each of the stockholders who are defendants in the action are sever-

ally liable, and judgment shall be given severally in con-
formity therewith.' This provision expressly contemplates
that each creditor shall recover a portion of the whole per-
sonal liability of the stockholder, corresponding to the portion
of the whole indebtedness held by him, and no more, and
directs the court to ascertain the proportion of the 'debt which
is the subject of the suit,' each is severally liable for, and enter
a several judgment in conformity therewith. There is no
allowance for payment to other creditors. Section sixteen
contains no provision of the kind, but, on the contrary, con-
tains a provision authorizing the defendant or defendants 'in
any such action, whether joint or several, to show that they
have paid their full share of personal liability, or some part of
it, to other creditors, and directs the amount so paid to be
allowed to the party paying. Said section thirty-two provides
that if any stockholder 'shall pay his proportion of any debt,
he shall be released and discharged from any further indi-
vidual or personal liability for such debt.' He is not to be
discharged from paying his proportion of other debts,
although he may pay the whole of some particular debt.
Under section sixteen it is quite different, for in a suit upon
one debt, he may show that he has paid the whole or a part
of his liability to some other creditor or creditors, and 'judg-
ment shall not be rendered against him for a sum exceeding
the amount of his or their proportion of the debts and liabili-
ties, . . . after deducting therefrom the sums proven to have
been paid,' etc. Thus the two sections, as to the rights of the
creditors as against the individual stockholders, go upon dif-
ferent theories. One is based upon the theory that each credi-
tor shall be entitled to hold each stockholder personally liable
to himself for a portion of each stockholder's entire liability,
corresponding with the amount of the share of the whole debt
due from the corporation held by such creditor; and the other
upon the theory that the vigilant creditor may reap the re-
ward of his vigilance, by obtaining his money from any party
whose liability is sufficient to cover his demand. It cannot be
supposed that this difference is accidental, or that the legis-
lature, by adopting provisions so entirely diverse, intended
to express the same idea, or confer the same rights. These
two acts were before the legislature at the same time, and were
passed on the same day. That body had no difficulty in

finding language to express its intention clearly in section thirty-two; and, if it had in contemplation a similar result in passing the amendment to section sixteen, it is reasonable to suppose it would have adopted similar language. When in two laws under consideration and passed at the same time, theories so diverse have been adopted, it must be presumed that it was with a design, and that the specific design in each section is in harmony with its own general theory. Why the legislature applied a different rule to these different classes of corporations, they have not seen fit to inform us. Whether the policy is a wise one or not, is no concern of ours. It is enough for us to know, if such be the fact, and so we think it to be, that thus the law is written."

*Larrabee* v. *Baldwin* recognized two methods for carrying the existing constitutional provision into effect. When the new constitution was adopted, practically re-enacting the old constitutional measure of liability, the Civil Code contained section 322 in substantially its present form, which is in its essence the same as section 32 of the old General Incorporation Act, and the law at that time furnished no analogue for section sixteen, the statute upon which *Larrabee* v. *Baldwin* was decided. Therefore, that case is really authority against appellant's claim that the court's interpretation of section sixteen of the special act was adopted with the constitution.

In *Borland* v. *Haven,* 37 Fed. Rep. 404, the same Judge Sawyer, who, as chief justice of this court, wrote the opinion in *Larrabee* v. *Baldwin,* after quoting section 322 of the Civil Code, as amended in 1876, said:—

"Thus, taking the several provisions together, a stockholder is personally liable for his proportionate share of each debt of the corporation and of each debt, only, contracted while he is a stockholder. This section was in force at the time of the adoption of the amended constitution in 1879, and it has never since been changed. Article 12, sec. 2, of the constitution of 1879, is as follows: 'Dues from corporations shall be secured by such individual liability of the corporators, and other means as may be prescribed by law.' And section 3 of the same article, provides, that 'each stockholder of a corporation . . . shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock

or shares owned by him, bears to the whole of the subscribed capital stock, or shares of the corporation.' Thus, the section of the Civil Code, taking its provisions together, is precisely like this provision of the constitution, except by express provision, no one creditor can collect more than the share of his own particular debt of the stockholder, whether he has paid his share of the debts to other creditors or not; but the liability in the aggregate of the stockholders is precisely the same under each, since the aggregate of the stockholder's share of liabilities to each creditor is equal to his share of the liabilities upon the whole debt or liabilities of the corporation. It is urged that the constitution on this subject is not self-executing, but that it requires legislation to give it effect; that section 322 of the Civil Code is inconsistent with section 3 of article 12 of the constitution of 1879, and is, therefore, under section 1, art. 22 repealed by it; and since there has been no other legislation on the subject, since the adoption of the new constitution, to give the constitutional provision effect, that this right of creditors to enforce the personal liability of stockholders has lapsed. Section 1, art. 22, referred to, provides 'that all laws in force at the adoption of this constitution, not inconsistent therewith, shall remain in full force and effect until altered or repealed by the legislature.' If, therefore, the provisions of section 322 quoted are not inconsistent with the provisions of article 12, sec. 3, they are, in express terms, continued in force. As we have already seen, they are clearly not inconsistent, but in all respects in harmony. Under both, the stockholder is liable in the aggregate for his proportion of all debts and liabilities of the corporation contracted while he was a stockholder, and no more. The constitution does not provide how the liability shall be enforced whether against each stockholder separately, or all jointly, while the statute goes further, and does so provide for its enforcement, and that provision is not inconsistent with the provision of the constitution, but in the end it reaches the same result. *Larrabee* v. *Baldwin*, 35 Cal. 156, and other cases affirming it, establish this point. Were section 322 to be formally re-enacted now by the legislature, would anybody pretend that it would be inconsistent with the constitutional provision now in question in such sense as to render it unconstitutional and void? I apprehend not. If it would not be inconsistent, and, there-

fore, unconstitutional, and void, if formally re-enacted, it cannot be inconsistent, and, therefore, repealed now. If it could stand with the constitution upon re-enactment, it can stand with it now. Not being inconsistent, as we have seen, it is in express terms continued in force. Section 36 of the old constitution provided, that 'each stockholder of a corporation shall . . . be individually and personally liable for his proportion of all its debts and liabilities.' This, as construed in *Larrabee* v. *Baldwin*, 35 Cal. 156, and other cases affirming it, although couched in somewhat different language from that of section 3, art. 12, of the new constitution, is in effect identical with the old, except that the new, in terms limits the liability of the stockholders to those debts contracted while he is a stockholder, and the old does not. Yet in the case cited and in other cases the courts so construed the old, although there were no such express terms of limitation. Section 322 of the Civil Code was, certainly, not in conflict with section 36 of the old constitution. If its provisions are not in conflict with the old constitution on this point, they, certainly, are not inconsistent with those of the new. They simply provide for carrying the constitutional provisions into effect—for executing them. The defendants are, therefore, liable, personally for their respective shares of the indebtedness unless exonerated or discharged therefrom, on some other ground.

"It is insisted, that the only remedy in this case is, necessarily, in equity, as all the stockholders are interested and personally liable for their respective shares, and are necessary parties, and numerous authorities are cited on the point. But the cases cited arose where there was no statute expressly giving a remedy at law. Section 322 of the Civil Code of California, still in force, as we have seen, provides, 'that any creditor of the corporation may institute joint or several actions against any of its stockholders for the proportion of his claim payable by each, and in such action the court must ascertain the proportion of the claim or debt for which each defendant is liable, and a several judgment must be entered against each in conformity therewith.' This is mere procedure, in an action at law, especially given by the statute."

The opinion in *Larrabee* v. *Baldwin* does contain some general language to the effect that the part of the constitution there considered, and repeated in substance in the statute,

might justify the interpretation which appellant here seeks; but in *Morrow* v. *Superior Court,* 64 Cal. 385, [1 Pac. 355], the court indicated as follows that the decision was based upon an entirely different theory:—

"The first clause of section 16 of the act of April 14, 1853, as amended by the act of April 27, 1863, read as follows: 'Each stockholder shall be individually personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder, for the recovery of which joint or several actions may be prosecuted.'

"In *Larrabee* v. *Baldwin,* 35 Cal. 155, it was said it would not be a strained construction of that clause, standing alone, to hold that a creditor of the company might maintain an action against an individual stockholder on his personal liability, although it 'might be open to some doubt, whether it was contemplated that each creditor should be compelled to pursue each stockholder for his individual share of his debt, or whether he might make his money out of the first one he could find, whose liability is sufficient to recover the indebtedness.' But after throwing out this intimation, the court decided the case before it, mainly, if not wholly, on other provisions of the same section."

Appellant's counsel, with much learning and force, have discussed the rules upon the subject of stockholder's liability in operation in certain other states, citing authorities; and respondent's attorneys, with equal ability and vigor, have sought to demonstrate that the statutes and constitutions of those states differ so radically from ours that the cited cases furnish no aid to us in the solution of the present problem. Strongly as we are tempted to follow them into this interesting field, we are so certain of the rule long established in California that we refrain from further scrutiny or analysis of cases in other jurisdictions. Neither will we concern ourselves with the comparative desirability of the various methods whereby creditors are enabled to collect their claims from stockholders. Authors of text books differ somewhat in their ideas upon this subject; but when we admit the power of the legislature to make laws for the enforcement of the claims of creditors of corporations against stockholders, we are not at liberty to uphold or overthrow such laws according to our

opinions of their fairness or propriety. We are not even called upon to discover whether we can justify, if we may, any given act of the legislature. It is enough for us to know that, *"ita est scripta lex"*; therefore we will resist the temptation to review the interesting discussion of counsel on both sides, regarding the reasons for the adoption by the framers of constitutions, and by legislatures, of various methods for making effective the rights of creditors in cases like this. The comparative advantages of one method over another do not concern us.

It follows from the foregoing that the judgment from which this appeal is taken must be affirmed, and it is so ordered.

Sloss, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.