[L. A. No. 16521. In Bank.—April 4, 1938.]

FRIEND W. RICHARDSON, as Superintendent of Banks, etc., Appellant, v. JOHN J. CRAIG et al., Respondents.

John G. Clock, Clock, McWhinney & Clock for Appellant.

Mathes & Sheppard, Lloyd Melvin Smith and William Guthrie, as *Amici Curiae* on Behalf of Appellant.

John J. Craig for Respondents.

Devlin & Devlin & Diepenbrock, A. I. Diepenbrock, Chase, Barnes & Chase, Lucius K. Chase, Thomas R. Suttner, Ben A. Hill, George P. Adams, Charles E. Beardsley, H. P. McCarthy, E. L. H. Bissinger, Randolph Karr, Evans, Pearce & Campbell, W. E. Evans, John L. Fleming, Henry G. Bodkin,

A. H. Brazil, C. P. Kaetzel, Gibson, Dunn & Crutcher, H. F. Prince, Ira C. Powers and Frederic H. Sturdy, as *Amici Curiae* on Behalf of Respondents.

LANGDON, J.—This is an action by the Superintendent of Banks to enforce an assessment against stockholders of an insolvent bank, pursuant to the provisions of the California Bank Stockholders' Liability Act (Deering's Gen. Laws, Act 652a).

The Firestone Park Bank was closed on January 7, 1932, and on that date the Superintendent of Banks took over its assets and management for purposes of liquidation. On January 28, 1932, in accordance with the statutory authority given him, he determined that it was necessary for payment of the debts to ''enforce the individual liability of the stockholders'' of the bank by an assessment of $100 per share. The order for assessment was then made, specifying March 7, 1932, as the date when the same should become due and payable. Defendants having failed to pay, the superintendent commenced this action on February 8, 1935, in the superior court. Defendants demurred, setting up the bar of the statute of limitations, and the trial court sustained the demurrer and dismissed the action. From the judgment of dismissal this appeal was taken by the superintendent.

The single issue before us is whether the action is barred by the statute of limitations, and, as will hereinafter appear, the precise question is when the statute began to run on the liability of defendants.

The Bank Stockholders' Liability Act, which establishes the obligation, makes the general statement in section 1 that the stockholders ''shall be held . . . individually liable, equally and ratably . . . for all contracts, debts and engagements of such corporations''. It is further provided that the Superintendent of Banks may determine the necessity of an assessment, and may levy and call for the same. It then states:

''If any stockholder of any bank shall fail to pay said assessment in full upon the date specified in said order as the date upon which said assessment shall be due and payable, a right of action shall immediately accrue to the Superintendent of Banks to recover the amount of said assessment or the

amount remaining unpaid thereon from the stockholder or stockholders failing to pay the assessment in full . . . ''

This act does not contain a special statute of limitations. Accordingly we turn to the Code of Civil Procedure for the applicable time limitation. Section 359 provides: ''This title does not affect actions against directors or *stockholders of a corporation,* to recover a penalty or forfeiture imposed, or to enforce *a liability created by law;* but such actions must be brought *within three years* after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or *the liability was created.''* This statute is the only one which by its terms covers the liability of stockholders of a corporation for its debts. The liability involved in this action clearly comes within the language of the section, which has heretofore been applied by this court to suits to enforce bank stockholders' liability originating under the laws of other jurisdictions. (See *Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139]; *Miller* v. *Lane,* 160 Cal. 90 [116 Pac. 58].) Its applicability was assumed in a recent decision of the District Court of Appeal dealing with stockholders of an insolvent bank under the New York law (*Broderick* v. *Kunde,* 23 Cal. App. (2d) 587 [74 Pac. (2d) 333]), and expressly held applicable in an action against stockholders of an Oklahoma national bank, in *Johnson* v. *Greene,* 88 Fed. (2d) 683. We therefore hold that section 359 is the governing statute of limitations, and we shall briefly notice hereinafter the argument of plaintiff that it has been repealed by implication.

In determining the effect of section 359 on the action before us, we may note that there are three possible dates upon which the statute may have begun to run: (1) The date upon which the banking corporation incurred the debt or debts which made necessary the present assessment. (2) The date upon which the assessment was levied (January 28, 1932). (3) The date upon which the assessment was due and payable (March 7, 1932). If either of the first two dates applies, the action was barred. But it was filed within three years after the due date of the assessment, and if that was the date upon which the statute of limitations began to run, the action was timely. This last date would apply under the usual statute of limitations, following the almost universal rule that it does not begin to run unless there is a cause of action

to be barred; in other words, until the cause of action *accrues*. And this result is generally reached in cases from other jurisdictions involving the liability of stockholders of national and state banks, where the nature of the liability is essentially the same as our own. (See *Broderick* v. *Aaron,* 151 Misc. 516 [272 N. Y. Supp. 219]; *Broderick* v. *Adamson,* 148 Misc. 353 [265 N. Y. Supp. 804]; *De Weese* v. *Smith,* 106 Fed. 438 [66 L. R. A. 971]; *McClaine* v. *Rankin,* 197 U. S. 154 [25 Sup. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500]; *Broderick* v. *Kunde, supra.*)

But the above decisions, while concerned with bank stockholders' liability statutes similar to ours, did not involve statutes of limitation comparable to section 359 of the Code of Civil Procedure. This peculiar statute differs from the usual provision elsewhere, and from other provisions in our own code, in that it requires the bringing of the action within three years after the liability "was created", instead of three years after the cause of action accrued. The interpretation of the section has been settled by a long line of cases which, construing the language literally, have held that actions are barred within three years after the obligation was *incurred*. As applied to our former unlimited proportional stockholders' liability, the extraordinary result followed that if a corporation borrowed money on a four-year promissory note, the obligation was incurred, and the stockholders' liability arose on the making of the note; three years afterwards the statute of limitations had run and the action was barred, though the cause of action itself had not even accrued. (See *Hunt* v. *Ward,* 99 Cal. 612 [34 Pac. 335, 37 Am. St. Rep. 87]; *Gardiner* v. *Royer,* 167 Cal. 238 [139 Pac. 75].) Severe criticism has been directed at this anomalous rule (see *Gardiner* v. *Royer, supra;* 7 Cal. L. Rev. 346), but as far back as 1914 this court considered the question finally settled by the decisions and declined to review it. (*Gardiner* v. *Royer, supra.*) Though our entire substantive law on corporations has been revised in recent years, section 359 has remained unamended, and we must accept the interpretations set forth above, establishing the distinction between creation of the liability and accrual of the cause of action, as the present meaning of the statute.

It would appear, then, that the statute began to run either at the time the debts of the bank were incurred, or at the time

the assessment was levied, for on one of these dates the liability was certainly "created" within the meaning of section 359, regardless of whether it was immediately enforceable by action. But plaintiff advances two arguments against this view, which may be briefly considered.

■ The first is that the adoption of the bank stockholders' liability statute repealed by implication the provisions of section 359 in so far as they apply to the liabilities of such stockholders. There is no merit in this contention, for the new statute, though it establishes the liability and provides a procedure for enforcement thereof, makes no reference to the time within which the action must be brought. Hence the provisions of the Code of Civil Procedure dealing with the commencement of actions must govern. Plaintiff would have us ignore section 359, which in express terms refers to liability of "stockholders of a corporation", and choose such sections as section 338, referring generally to "liability created by statute", or section 343, covering actions not otherwise provided for, both of which are conventional in form, i. e., they start to run only upon the accrual of the cause of action. Under such a theory, however, any change in a substantive liability might be deemed to supersede an unrepealed limitation provision. There is no warrant for this kind of statutory construction, and bearing in mind the strong presumption against repeals by implication (see *Penziner* v. *West American Finance Co.*, 10 Cal. (2d) 160 [74 Pac. (2d) 252]), we conclude that section 359 is still in force, and applicable to such liability of corporation stockholders as the general statutes may establish, unless a specific limitation is prescribed for any particular liability, or the provisions of section 359 are expressly negatived.

■ The second contention is that the holding of the cases interpreting section 359 was based upon the unusual stockholders' liability in force prior to the revisions of 1930 and 1931, and that the different type of liability established by the new statute requires a different holding as to when the statute of limitations begins to run. We agree with this contention in part, but not to the extent urged by plaintiff. A brief comparison of the two kinds of liability at this point will clarify the issue.

The former liability was direct, primary and unlimited, though in proportion to the shares of the stockholder. The

creditor did not have to proceed first against the corporation, but could sue the stockholders directly, irrespective of solvency of the corporation. (See *Gardiner* v. *Bank of Napa*, 160 Cal. 577 [117 Pac. 667] ; *Ellsworth* v. *Bradford,* 186 Cal. 316 [199 Pac. 335] ; *Aronson & Co.* v. *Pearson*, 199 Cal. 295 [249 Pac. 191] ; 15 Cal. L. Rev. 240; 5 Cal. L. Rev. 248.) In the case of banking corporations, the creditors and not the Superintendent of Banks had the right to enforce the liability. (*Williams* v. *Carver,* 171 Cal. 658 [154 Pac. 472].) It was this direct character of the liability which gave rise to the rule that it was "created" when the debt of the corporation was incurred.

The liability of bank stockholders under our present law, similar to that in force under the National Bank Act and the state laws of many other jurisdictions, bears no resemblance to the former one. The present liability is limited in amount to the par value of the shares of the stockholder, and is indirect and contingent. The creditor has no right of action unless the corporation is insolvent, and then has no direct remedy against the stockholder. He must present his claim to the Superintendent of Banks, and it is enforced by the superintendent. The stockholders' liability is not measured by the amount of the creditor's claim, as under the old law, but by the amount of the assessment levied by the superintendent. The stockholder is under no obligation to pay unless and until the superintendent has determined the necessity for an assessment, fixed the amount thereof and specified the due date. The cause of action is given to the superintendent, and on default he brings the action. The liability of the stockholder is not for the corporation debt, but for the assessment; and it is not to the creditor, but to the bank superintendent, a state administrative officer. This liability is not "created" when the corporation incurs the debt, nor even when the corporation becomes insolvent; it does not exist at all prior to the making of the assessment. It follows that our former decisions holding that the statute begins to run when the corporation incurs the debt cannot be controlling in the case of the completely different liability established by the present statute. In other words, the liability is not "created" when the bank becomes indebted to the creditor.

But this does not mean that the statute will not run until the cause of action *accrues.* Section 359 still applies, and.

under its provisions the statute commences to run when the liability is *created*. We must therefore determine when the liability for the assessment was created. In our opinion, there can be no doubt that it was created when the assessment was *levied*, though the cause of action did not accrue until a short time afterward. The possibility of liability which confronted the bank stockholder when the bank failed became a certainty when the assessment was levied. The nature and amount of the assessment, the duty to pay it, and its time for payment were then fixed. To say that no liability was then created is to ignore the distinction between the creation of the liability and the accrual of the cause of action to enforce it, laid down in the decisions construing section 359, for the action applies "independent of any question as to whether that liability is absolute or contingent, or as to when the right to enforce it may accrue". (*Coulter Dry Goods Co.* v. *Wentworth*, 171 Cal. 500 [153 Pac. 939].)

This conclusion, that under our section 359 the time begins to run when the assessment is made, was directly held in *Johnson* v. *Greene, supra,* by the Circuit Court of Appeals of the Ninth Circuit, affirming the District Court decision, 14 Fed. Supp. 945. The case dealt with liability under the National Bank Act, which is substantially the same as that established by our own law. We are in accord with the views expressed in this case, and the contrary holding in *Broderick* v. *Kunde, supra,* must be disapproved.

The judgment is affirmed.

Shenk, J., Edmonds, J., Curtis, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.