JOHN D. HOSPELHORN, RECEIVER, *v.* C. PREVOST BOYCE ET AL.

[No. 32, January Term, 1938.]

*Decided April 21st, 1938.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*J. Purdon Wright* and *Arthur W. Machen*, with whom was *Alexander Armstrong* on the brief, for the appellant.

*Reuben Oppenheimer* and *George Gump*, with whom were *Emory, Beeuwkes, Skeen & Oppenheimer* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The appeal in this case of John D. Hospelhorn, receiver of the Baltimore Trust Company, plaintiff, against C. Prevost Boyce and seven other defendants, who are the surviving copartners of a brokerage firm trading as Stein Bros. & Boyce, is the second one of four appeals on the current docket. The questions raised on these appeals have been stated and the views of the court set forth in the opinion filed in the appeal of John D. Hospelhorn, receiver of the Baltimore Trust Company, against Philip L. Poe, trading as Philip L. Poe & Co., which is No. 21 on the appeal docket of this court for the January term, 1938. *Ante*, 242, 198 A. 582.

The defendant firm of brokers had, at the time the Emergency Banking Act (Acts 1933, ch. 46) took effect, on March 4th, 1933, certain shares of stock of the Baltimore Trust Company, a banking corporation, which were owned by the firm, but the certificates for the shares of stock had been issued to Edward J. Armstrong, and the shares of stock had been registered in his name. Edward J. Armstrong was the agent for the firm in this transaction and the firm was his undisclosed principal. On March 15th, 1933, which was after the Emergency Banking Law became effective, Armstrong, in pursuance of the instructions of his undisclosed principal, duly transferred such shares of stock to Wortendyke Corporation, in whose name the shares of stock were thereafter registered.

On demurrer to the declaration the lower court held the firm was not liable, on the ground that section 71M of the Emergency Banking Law did not apply to the firm, since no judicial determination of insolvency nor order for an assessment of the statutory liability and its collection had been made until November 13th, 1935, which was some months after March 4th, 1935, the time

fixed for the expiration of the act. This court finds error in the ruling. The other objections on demurrer were not entertained, and the court here concurs in this view. All the questions raised were considered in the opinion in No. 21, and the conclusions of this court stated. For the reasons there given, the judgment in this appeal must be reversed.

> *Judgment reversed, with costs to the appellant, and case remanded for further proceedings.*