[Civ. No. 2367. Fourth Appellate District.—July 29, 1940.]

JOHN D. HOSPELHORN, as Receiver, etc., Appellant, v. WANDA V. VAN DUSEN, Respondent.

Liggett & Liggett for Appellant.

Mathes & Sheppard, William C. Mathes, Gordon F. Hampton and Emrys Davies, as *Amici Curiae,* on Behalf of Appellant.

Gray, Cary, Ames & Driscoll and John M. Cranston for Respondent.

GRIFFIN, J.—In this action plaintiff and appellant, as receiver for the Baltimore Trust Company, a banking corporation, sued one of its stockholders, Wanda V. Van Dusen, defendant and respondent, residing in California, to recover on a statutory stockholders' liability under the statutes of Maryland. Respondent defended on the ground that her liability was barred by the provisions of section 359 of the Code of Civil Procedure of the State of California.

Appellant concedes that the statute of limitations (sec. 359, Code Civ. Proc.) of this state, is the statute to be applied in determining the question to be presented in respect thereto, and not the statute of limitations of Maryland. (*Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139].) Section 359 of the Code of Civil Procedure provides that " . . . such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty for forfeiture attached, or *the liability was created".* The question then presented is this: When was *the liability created?* It should be noted that the statute of limitations here involved is different from the ordinary statute of limitations in that it runs from the date "upon which . . . the liability was created" instead of from the date upon which *a cause of action to enforce that liability* accrued to the appellant. (*Hunt* v. *Ward,* 99 Cal. 612 [34 Pac. 335, 37 Am. St. Rep. 87].) The Supreme Court in that case held that the statute had run, *even though the·plaintiff's cause of action to enforce the liability had accrued within three years,* since the *liability* itself had been *created* more than three years

before suit was filed. To the same effect are *Wells* v. *Black,* 117 Cal. 157, 163 [48 Pac. 1090, 59 Am. St. Rep. 162, 37 L. R. A. 619]; *Bank of San Luis Obispo* v. *Pacific Coast Steamship Co.,* 103 Cal. 594–596 [37 Pac. 499]; *Chambers* v. *Farnham,* 182 Cal. 191–196 [187 Pac. 732]; *Gardiner* v. *Royer,* 167 Cal. 238 [139 Pac. 75]; *Coombes* v. *Getz,* 217 Cal. 320 [18 Pac. (2d) 939]; *Royal Trust Co.* v. *MacBean, supra; Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500 [153 Pac. 939].

We then must look to the laws of Maryland to determine the nature of respondent's obligation and the time when the stockholder's *liability was created.* (*People* v. *Goddard,* 84 Cal. App. 382–386 [258 Pac. 447].) ▮ The rule is that the construction given by the courts of a foreign state to its statutes will be recognized and given full effect in the courts of the forum. (*Smith* v. *Shepler,* 8 Cal. App. (2d) 717–720 [48 Pac. (2d) 999]; *McManus* v. *Red Salmon Canning Co.,* 37 Cal. App. 133–137 [173 Pac. 1112]; 5 Cal. Jur., pp. 429, 430.)

▮ Appellant, in his statement of the question involved and throughout his brief, argues that the liability must have been created either by an order of February 5, 1935, or by an order of November 13, 1935, hereinafter mentioned. It is respondent's affirmative argument that under the Maryland law, *liability was created* either before these orders were made or if the liability was created on the date of the first order the statute of limitations accordingly has run. The evidence clearly establishes that the bank incurred all the debts for the payment of which the assessment here in question was levied prior to February 5, 1933. The so-called interlocutory order directing the levy of assessment was signed February 5, 1935. This action was instituted September 1, 1938.

In support of appellant's contention he cites section 72 of article XI, Annotated Code of Maryland, which reads in part:

"Stockholders of every bank and trust company shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of every such corporation to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock . . . and the liability of such stockholders shall be an asset of the corpora-

tion for the benefit ratably of all the depositors and creditors of any such corporation, if necessary to pay the debts of such corporation, and shall be enforceable only by appropriate proceedings by a receiver, assignee or trustee of such corporation acting under the orders of a court of competent jurisdiction.''

Appellant also cites *Robinson* v. *Hospelhorn*, 169 Md. 117 [179 Atl. 515, 184 Atl. 903, 103 A. L. R. 740], wherein the court defined the nature of the liability as follows:

'' . . . when it (the statute) went on to say that that 'asset' should be for the benefit of the depositors and creditors of the corporation, 'if necessary to pay the debts of such corporation', it seems clearly to mean that it is conditional and contingent, and that while it exists as a reserve for the benefit of creditors, it is dormant and unenforceable until it is needed to pay the debts of the corporation. It is therefore, technically, neither a primary nor a secondary liability, but has some of the characteristics of both. It is primary in that it is an original undertaking, and arises by force of the statute out of the stockholders' original subscription. It is secondary in that it may not be enforced until it sufficiently appears that the corporation is unable to pay its debts from its other assets and then only to the extent of the deficit. . . .

'' . . . the contingency . . . is that the liability is needed to pay debts. . . .

'' . . . 'Manifestly there is no obligation upon the stockholder to pay anything until the amount he is required to pay has been determined by an order of a court of competent jurisdiction.' The express language of the statute . . . compel the conclusion that under the statute the contingency which determines whether the additional liability is enforceable is a justiciable fact to be ascertained by a court rather than summarily by some administrative official . . .

'' . . . The double liability statute does not speak of, nor does its application depend upon, final liquidation, but upon facts, wherever and however judicially established, that the liability is needed to pay the debts of the corporation after the exhaustion of its tangible assets.''

In *Ghinger* v. *Stockholders of People's Banking Co.*, 169 Md. 678 [182 Atl. 558] (syllabus):

'' 'Stockholders' against whom double liability on bank stock is enforceable are only those who are such at time it becomes necessary to enforce liability, and not those who own

stock at time when various transactions, out of which bank's indebtedness arose, took place. (Code Pub. Gen. Laws 1924, art. XI, secs. 9, 72; Acts 1933, c. 46; Const., art. III, sec. 39.)''

Appellant also relies on *Richardson* v. *Craig*, 11 Cal. (2d) 131 [77 Pac. (2d) 1077], construing the California Bank Stockholders' Liability Act (Stats. 1931, p. 338, Deering's Gen. Laws, Act 652a) which he contends is ''strikingly similar'' to the Maryland statute, and argues that the California law creates no liability under the act *until an assessment is levied* by the superintendent of banks; that in Maryland, the bank commissioner does not have power under the law to make the assessment himself nor to create the liability; that the Maryland statute provides for the creation of the liability by the act of a court of competent jurisdiction; that the only noticeable procedural distinction between the two statutes is that the bank commissioner of Maryland renders to the court his report on the condition of the insolvent bank corporation; that the court then makes a preliminary order, in the nature of an order to show cause, on stockholders; that after evidence is taken and the court has determined the necessity of an assessment and fixed the amount and percentage thereof, a final decree is made, actually levying the assessment and ordering the bank commissioner to collect it; that in the instant case that final order was made November 13, 1935; and that this action was commenced within three years from that date.

It is further argued that under the National Banking Act (12 U. S. C. A., sec. 63), it is the act of the comptroller in levying the assessment that creates the liability and starts the statute of limitations to running; that the construction given that act in *Johnson* v. *Greene*, 14 Fed. Supp. 945, affirmed in 88 Fed. (2d) 683, is applicable to the Maryland statutes, and that therefore the liability in the instant case was not *created* until November 13, 1935.

The trial court held that the action was barred under section 359 of the Code of Civil Procedure. Respondent points out the fact that appellant testified and the trial court has found that the bank incurred all of the debts for the payment of which the assessment here in question was levied prior to February 25, 1933, and maintains that appellant's liability was created prior to that date. (In *Hospelhorn* v. *Poe,* 174

Md. 242 [198 Atl. 582, 596, 118 A. L. R. 682], the appellant, as receiver of the bank, sued various Maryland shareholders to recover on the assessment which is the basis of the instant case. That court held that Poe was liable although he had ceased to own the stock January 15, 1934, long before either of the orders of assessment had been levied, and stated that the liability of the stockholders was one of the assets of the trust company which was transferred to the bank commissioner as receiver, and "The liability for an assessment accrues when the stock is registered in the name of the holder and continues while the stock is so registered. The liability to pay the assessment accrues due upon the determination of the amount to be paid by an order of a court of competent jurisdiction." It is therefore contended that if the liability of respondent as one of the bank's shareholders was an asset which was transferred to appellant, it obviously must have been created prior to that time, i. e., more than three years prior to the commencement of the present action; that the stockholder's liability under the Maryland law is *created* in the language of the court "when the stock is registered in the name of the holder" even though no cause of action to enforce this liability may *accrue* until an assessment is levied. It is therefore argued that appellant's contention is untenable under the Maryland law as established in the case cited, because it is clearly shown that the liability for certain obligations was *created* when the stock was first registered in the name of the stockholders, so as to impose a liability upon a shareholder who had transferred his stock before the assessment was levied in 1935. Respondent likewise argues that appellant cannot urge in California that the liability for those same obligations was not created until November, 1935, in order to escape the peculiar provisions of the Califoria statute of limitations; and that if the liability of Poe was created prior to January 15, 1934, then the liability of respondent for the same assessment was created prior to that date; that if Poe's statutory liability was an asset of the appellant as receiver of the bank on January 5, 1935, when he took possession of its assets, then the liability of respondent was also an existing asset at that time; that if it was necessary by the Emergency Banking Act to *"preserve* this liability for the benefit of creditors and depositors in the event it should be necessary to enforce the payment of this liability" then the liability so

preserved must have been created prior to March 4, 1933, when the Emergency Banking Act took effect. Otherwise, there could have been *nothing to preserve.*

In *Hospelhorn* v. *Boyce,* 174 Md. 275 [198 Atl. 597], even after the sale of the stock on March 15, 1933, the court held a shareholder liable under the same assessment here involved. From these authorities respondent contends that the liability was created in the instant case prior to the levy of the assessment or, at any rate, when the levy of assessment was first made, and that accordingly the construction given our statute of limitations in *Chambers* v. *Farnham. supra,* is applicable.

The Supreme Court, in *Richardson* v. *Craig, supra,* has definitely set at rest the question as to when the liability was created in construing the Bank Act of California and has determined that such liability is created upon the date the assessment is made and not upon the date the assessment was made payable as respects the running of the statute of limitations of this state. In this interpretation the Supreme Court adopted with approval a similar holding in *Johnson* v. *Greene, supra,* wherein it is said:

"The assessment by the comptroller gives rise to the right which it is sought to enforce in this action. It is the act which fixes the starting point of the liability" (14 Fed. Supp., at p. 947) and "that the contingent obligation of the stockholder to pay an assessment is made absolute by the comptroller's action ordering one." (88 Fed. (2d) 684.)

In this connection it should be noted that the National Banking Act (12 U. S. C. A., sec. 63) is substantially the same as that established by our own law. (*Richardson* v. *Craig, supra.*) The distinguishing difference between the Maryland Act and the California Act is that under the latter it is by virtue of the act of the superintendent of banks that the liability is created. Under the National Banking Act it is by virtue of the act of the comptroller. But under the Maryland Act (sec. 9, art. 11, Code of Public General Laws, as amended by Acts of 1933, chap. 529, sec. 1) a bank commissioner is authorized to take possession of the property, assets and business of the bank. This occurred on January 5, 1935, and by force of the terms of the section these assets were in the hands of the bank commissioner as receiver "as though he had been appointed by an order of the court". (*Hospelhorn* v. *Poe,*

*supra,* p. 595.) The commissioner immediately instituted proceedings in the name of the State of Maryland against the bank for the purpose of having the court assume jurisdiction over its property and business for final liquidation.

The so-called interlocutory order dated February 5, 1935, provided in part "that the receiver pay and he is hereby directed to demand and collect from the stockholders of the Baltimore Trust Company who were such on March 4, 1933, and from their subsequent transferees of record at the date of this order, the sum of $10 per share, *which sum is now assessed as their liability to creditors imposed by law* . . . that . . . the receiver shall, before taking action hereunder, give a notice to stockholders. . . . Leave, however, is by said order granted to any stockholder to appear and show cause on or before the 25th day of February, 1935, why payment should not be made as ordered." (Italics ours.) A notice to this effect was ordered sent to all stockholders and respondent admits receiving such a notice, but did not pay the amount demanded therein nor make any appearance. The final order dated November 13, 1935, provided: "This court having set for hearing all questions relating to the statutory liability of the stockholders . . . finds . . . that the liabilities . . . exceed the value of its assets . . . and that an assessment of $10 per share is necessary to meet the statutory liability of the stockholders. . . . It is ordered . . . that an assessment of $10 per share . . . is levied and imposed . . . and . . . receiver . . . is . . . authorized and directed to demand and collect . . . $10 for each . . . share . . . ; to . . . institute . . . suits against any and all parties liable. . . . "

The liability of the stockholders, under section 72 of article XI of the Maryland Code, and of the transferors and transferees of stock after March 4, 1933, under section 71m of chapter 46 of the Acts of 1933, were assets of the trust company for the benefit ratably of all its depositors and creditors, if necessary to pay the debts of the corporation.

Under section 71m it is provided: "Any person who may be a stockholder *at the commencement of said period of custody* and the subsequent transferee of record of said stock at the time the statutory liability for assessment shall become enforceable, shall be *jointly and severally liable to the receiver for the statutory assessment on said shares.*"

It is quite apparent that the courts of Maryland have not considered the question here presented, i. e.: When was the *liability created* for the purpose of applying the bar of the statute of limitations as set forth in section 359 of the California Code of Civil Procedure? The courts of this state as well as the federal courts have held that the particular liability here involved is not *created* at the time the stock is registered but at the time the assessment is levied, and we are convinced that this interpretation should be given to the Maryland law. However, if we accept the argument in the case cited (*Hospelhorn* v. *Poe, supra,* at p. 596), wherein the court said: *"The liability for an assessment accrues* when the stock is registered in the name of the holder and continues while the stock is so registered, the liability to pay the assessment accrues due upon the determination of the amount to be paid by order of a court of competent jurisdiction;" which in effect holds that the liability was created when the stock was registered, the holding of the trial court in the instant case must be sustained, for the statute would have run. In the light of the decisions and the interpretation given to the statutes involved, we are of the opinion that the liability was created in the instant case, within the meaning of section 359 of the Code of Civil Procedure, and binds the owner of the stock as of January 5, 1935, the date of the beginning of the custody under the act, or on February 5, 1935, at which time the court made the order that the receiver "collect from the stockholders $10 per share . . . which sum is now assessed as their liability . . . imposed by law". Under either interpretation more than three years have expired prior to the date of the filing of the instant action.

The judgment of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 23, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1940.