[Civ. No. 12137. Second Appellate District, Division One.—
March 26, 1941.]

JOHN D. HOSPELHORN, as Receiver, etc., Appellant, v.
MORTON L. NEWHOFF et al., Respondents.

Catlin & Catlin and William E. Woodroof for Appellant.

Kornblum & Austrian for Respondents.

DORAN, J.—Respondents upon rehearing have urged that appellant's brief contains an admission of certain facts, not otherwise appearing upon the face of the record, which show appellant's cause of action herein to be barred by the limitation of time provided by section 359 of the Code of Civil Procedure.

In the original opinion herein (*Hospelhorn* v. *Newhoff*, [Cal. App.] 107 Pac. (2d) 956), it was said: "Undisputed statements contained in the briefs indicate that the necessity of enforcing the stockholders' liability here in question was adjudicated prior to the date alleged in the complaint and more than three years before the commencement of the instant action. The precise question regarding the same liability sought here to be enforced against respondents was recently before the District Court of Appeal for the Fourth Appellate District in the case of *Hospelhorn* v. *Van Dusen*, 40 Cal. App. (2d) 257 [104 Pac. (2d) 888], wherein it was held that the action was barred by the provisions of section 359, Code Civ. Proc. However, in the Van Dusen case, *supra*, such a bar was raised as an affirmative defense and not by demurrer as here, and the question was properly before the court for decision."

The statements referred to reveal that on February 5, 1935, appellant, as receiver of the Baltimore Trust Company, was ordered by the Maryland circuit court to demand and collect from the stockholders of that trust company the sum of ten dollars per share, which sum was assessed by the order of the court as the stockholders' liability to creditors imposed by law. Leave, however, was granted to any stockholder to appear and show cause on or before February 25, 1935, why payment should not be made as ordered. Subsequently, and upon the denial by many stockholders of the right of the court to impose the assessment, certain questions of law were raised and heard preliminarily by the court, and thereafter the judge of the said court filed his opinion in relation to the answers to the questions stated and filed his order thereon on March 26, 1935, which latter order in effect made final the order of February 5, 1935, above mentioned. The court's order imposing the assessment against the stockholders was later affirmed upon appeal, and after the affirmance of its order, and on November 13, 1935, the circuit court again made an order, substantially the same as that made previously, assessing the stockholders ten dollars per share upon their liability to the creditors of the trust company. It is this last order on which appellant bases his claim in the instant action. The orders of February 5 and March 26, 1935, do not appear ever to have been vacated or the execution thereof to have been stayed, and no necessity appears

for the order of November 13, 1935, which, in so far as can be determined, constitutes no more than a repetition of the previous orders. It appears from the foregoing admitted facts, therefore, that appellant could have commenced the instant action any time after March 26, 1935, at least.

It also appears that in accordance with the rule laid down in the Maryland case of *Robinson* v. *Hospelhorn*, 169 Md. 117, [179 Atl. 515], previously discussed in the orignal opinion herein, the stockholders' liability was created in the instant case by the order of March 26, 1935, at the latest, and that the instant action was commenced more than three years after the liability was created and is therefore barred by the provisions of section 359 of the Code of Civil Procedure. (See *Hospelhorn* v. *Van Dusen, supra.*)

The facts establishng the creation of the stockholders' liability at a date prior to November 13, 1935, and more than three years prior to the commencement of the instant action, having been admitted by appellant through statements in his brief it appears that the ends of justice would be served by disposing of the instant case upon these admitted facts rather than by remanding the case and requiring the respondent to set up such facts as an affirmative defense, leaving the question to be determined by trial or motion for summary judgment. [3] Moreover, in the light of the facts admitted, whether the complaint herein states a cause of action upon its face presents a moot question.

The judgment of the trial court dismissing appellant's action to collect the stockholders' liability in question should be and therefore is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1941.